RUSSELL SCROGGINS *vs.* RICHARD HOWORTH, use, &c.

If proof of the allegation, that the judgments rendered in the state of Alabama were void, for the reason that complainant was not legally notified of the pendency of the suits, entitled the party to relief, upon the same ground, the action at law in this state could have been successfully defended ; *held*, upon a familiar principle, the complainant having failed to make his defence at law, he was not entitled to relief in equity, and the demurrer should have been sustained.

The transcripts of the judgments upon which the action in the circuit court was founded, show that the writs in these cases were returned by the sheriff duly executed, and this is *primâ facie* evidence of that fact, and when it is not alleged that either mistake or fraud occurred, must be held sufficient, unless opposed by clear and conclusive evidence.

ON appeal from the northern district vice-chancery court at Fulton; Hon. Henry Dickinson, vice-chancellor.

The opinion of the court contains a sufficient statement of the facts of the case.

*J. M. Acker*, for appellant,

Contended that a judgment rendered without service of process was void. 15 Johns. 121; 19 Ib. 39. A court of equity will interfere to prevent the collection of a judgment obtained by fraud or accident. 7 Cranch, 332. On the question of the pleas filed, cited *Hampton* v. *Mc Connel*, 3 Wheat. 234; *Mills* v. *Duryee*, 7 Cranch, 481.

*John Goodwin*, for appellees,

In reply, contended that a court of equity will not interfere to give relief against a judgment at law, where the remedy at aw was full and adequate. 4 S. & M. 358 ; 6 Wend. 452; 5 Ib. 148. On the question of jurisdiction of the court, cited New Hamp. R. 246; 10 Serg. & R. 240; 5 Wend. 148; 6 Pick. 237; 15 John. 121; 19 Ib. 19.

Mr. Chief Justice SMITH delivered the opinion of the court.

This was a bill filed in the vice-chancery court for the northern district, to enjoin the collection of a judgment recovered in the circuit court of Monroe county, by Richard Howorth, against Russell Scroggins, the appellant. This judgment was founded upon the transcripts of two judgments which were recovered by Howorth, against Scroggins and others, in the county court of Madison county, in the state of Alabama.

The claim to the relief prayed for in the bill, is predicated on the ground that the judgments rendered in the county court of said county were void, that court not having jurisdiction of the person of complainant.

The allegation of the bill is to this effect, to wit: that the complainant was not notified of the pendency of said actions against him, never having been served with any writ or process therein, being on the day upon which, according to the return of the sheriff of Madison county, the writs appeared to have been executed, a resident of the county of Walker, in Alabama.

There is no charge of fraud in the bill, nor is it averred that the process in said suits was by mistake returned executed, when in fact it was not served upon the complainant.

To the bill there was a demurrer, which was overruled. The defendants answered, and the cause, upon final hearing, was dismissed, and an appeal taken to this court.

If proof of the direct and simple allegation, that the judgments rendered against the complainant by the court in Alabama were void, for the reason that he was not legally notified of the pendency of the suits, entitled the party to the relief prayed for in his bill, it is certain that upon that ground the action at law in the circuit court of Monroe could have been successfully defended. Hence, upon a familiar principle, having failed and neglected to make his defence in that court, he was not entitled to relief in equity. The demurrer of the defendant should, therefore, have been sustained.

But if it were conceded that the bill, upon the face of it, showed the complainant entitled to relief, the proofs were not sufficient to warrant the interposition of the court.

The answers of the defendants deny the allegation of the bill in reference to the service of process in the suits in Alabama. The transcripts of the judgments upon which the action in the circuit court was based, show that the writs in those cases were returned by the sheriff duly executed upon the complainant. This is *prima facie* evidence of that fact; and here, where it is not alleged that either mistake or fraud occurred, must be held sufficient, unless opposed by clear and conclusive evidence.

But no such evidence was adduced on the part of the complainant. We, therefore, affirm the decree.